# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 1, 2018

156668 & (92)

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

                              SC: 156668
                              COA: 328157
                              Kalamazoo CC: 2014-000448-FC

MICHAEL DWAYNE CARVER,
        Defendant-Appellee.
_____/

On order of the Court, the application for leave to appeal the August 29, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court. The motion for decision on Standard 4 brief is DENIED as moot.

WILDER, J. (*dissenting*).

I dissent from the order denying leave to appeal. Rather, I would reverse the judgment of the Court of Appeals, and reinstate defendant's conviction and sentence of first-degree criminal sexual conduct, MCL 750.520b(1)(a) and (2)(b). The lower courts erred in concluding that trial counsel rendered ineffective assistance of counsel. Defendant failed to establish his burden that trial counsel's performance fell below an objective standard of reasonableness, and that there was a reasonable probability that, absent the alleged error, the result of the proceeding would have been different. See *People v Vaughn*, 491 Mich 642, 669 (2012).

As to the issue of trial counsel's performance, the Court of Appeals majority found that, had trial counsel consulted with an expert on child suggestibility, "it is virtually certain" that such an expert could have provided him with the tools he needed to rebut testimony by an expert or an investigator suggesting that it is a rare case in which a child makes a false report. Further, the Court of Appeals found that had trial counsel consulted with an expert, he would have educated himself on the issues at play and would have been in a better position to evaluate the evidence and determine whether the sexual assault occurred or occurred in the manner described by the victim.

In my view, both lower courts overlooked the crucial facts as testified to at the *Ginther*[1] hearing, and compounded the error by analogizing this case to the factually distinguishable cases of *People v Ackley*, 497 Mich 381 (2015), and *People v Trakhtenberg*, 493 Mich 38 (2012). "*Strickland* [*v Washington*, 466 US 668 (1984)] itself rejected the notion that the same investigation will be required in every case."

---

[1] *People v Ginther*, 390 Mich 436 (1973).

*Cullen v Pinholster*, 563 US 170, 195 (2011). In fact, "[i]t is '[r]are' that constitutionally competent representation will require 'any one technique or approach.' " *Id*. (citation omitted; second alteration in original). "Under *Strickland*, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Hinton v Alabama*, 571 US 263, ___; 134 S Ct at 1088 (2014) (quotation marks and citation omitted).

Here, trial counsel testified that he met with his superiors at length about the upcoming trial and sought their advice on whether to utilize an expert. Counsel reviewed at least one study and weighed the advantages and disadvantages of putting an expert on the stand. It was only *after* he conducted an investigation and sought counsel from his superiors that trial counsel made the informed decision not to consult with and call an expert on child suggestibility. This is precisely the type of case that is virtually unchallengeable under *Strickland*. See *id*. In my opinion, the lower courts ignored well-rooted *Strickland* principles, and improperly reviewed the case with the benefit of hindsight. See *People v Unger*, 278 Mich App 210, 242-243 (2008) ("We will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence.").

As to the issue of prejudice, I largely agree with the dissent and merely write to make an additional point. I think it is important to remind attorneys and the lower courts that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 US at 694. "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen*, 563 US at 189 (citation omitted).

Here, the Court of Appeals majority found that an expert "could have" explained how a child of the victim's age is susceptible to suggestion, and that trial counsel "could have plausibly argued" the victim made a false report even though the victim may have honestly believed her recollection was true. In my opinion, the majority was merely conjecturing on what might have happened had trial counsel employed the strategy that it found best suited, and not whether, in the face of the whole record, a substantial likelihood of a different result existed.

Accordingly, I would conclude that defendant failed to establish his burden in demonstrating trial counsel rendered ineffective assistance of counsel entitling him to a new trial, reverse the judgment of the Court of Appeals, and reinstate defendant's conviction and sentence.

ZAHRA, J., joins the statement of WILDER, J.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 1, 2018

Clerk

d0529